[No. 9,134.  In Bank. — March 22, 1884.]

EDWARD LONGAN, APPELLANT, *v.* THE COUNTY OF SOLANO, RESPONDENT.

CONSTITUTIONAL LAW — COUNTY GOVERNMENT ACT. — The title of the Act of the 14th of March, 1883, relating to county and township governments, fairly expresses the subject of the act, and is a sufficient compliance with the provision of section 24 of article iv. of the Constitution which declares that "every act shall embrace but one subject, which subject shall be embraced in its title."

ID. — SPECIAL LAWS. — The provisions of the act relating to the fees and salaries of officers are part of the general law establishing a uniform system of county and township governments, and are not within the inhibition of the Constitution declaring that the legislature shall not pass local or special laws "affecting the fees or salary of any officer."

ID. — CLASSIFICATION OF COUNTIES. — Under the provisions of section 5 of article xi. of the Constitution, the legislature is required to regulate the compensation of county officers in proportion to duties, and for this purpose may classify the counties by population. *Held,* that the legislature has the power to fix the number of classes required to carry out the purpose of the provision, and that the courts will not interfere with its determination.

APPEAL from a judgment of the Superior Court of the county of Solano.

The action was to recover an amount claimed for official services rendered by the plaintiff as constable, during the months of May and June, 1883. The defendant admitted the performance of the services as alleged in the complaint, but claimed that under the provisions of the Act of March 14, 1883, "to establish a uniform system of county and township governments," the plaintiff was not entitled to compensation for services in criminal cases exceeding one hundred dollars per month. By that act the defendant was constituted a county of the tenth class, and the compensation for services of a constable in criminal cases was limited to one hundred dollars per month.

The other facts appear in the opinion of the court.

*J. F. Wendall,* for Appellant.

*A. J. Buckles* for Respondent.

ROSS, J. — Among the provisions of the present Constitution of this State are the following : —

"The legislature shall establish a system of county governments which shall be uniform throughout the State; and by general laws shall provide for township organization, under which any county may organize whenever a majority of the qualified electors of such county, voting at a general election, shall so determine; and whenever a county shall adopt township organization, the assessment and collection of the revenue shall be made, and the business of such county and the local affairs of the several townships therein shall be managed and transacted in the manner prescribed by such general laws." (Art. xii. § 4.)

" The legislature, by general and uniform laws, shall provide for the election or appointment in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers in proportion to duties, and for this purpose may classify the counties by population." . . . . (Art. xi. § 5.)

It is also declared that the legislature shall not pass local or special laws "regulating county and township business or the election of county and township officers," or "creating offices, or prescribing the powers and duties of officers in counties, cities, cities and counties, townships, election or school districts," or, "affecting the fees or salary of any officer." . . . . (Art. iv. § 25.)

In March, 1883, the legislature passed an act entitled, " an act to establish a uniform system of county and township governments." (Stats. 1883, p. 299.) Among the provisions of the act is one classifying the counties by population for the purpose of regulating the compensation of the officers, and the compensation of the officers of the counties as thus classified is by the act fixed.

The validity of the act is assailed on several grounds. In the first place, it is said to violate that provision of the Constitution which provides that every act shall embrace but one subject, which subject shall be expressed in its title.

As will have been noticed, the title is, "an act to establish a uniform system of county and township governments."

This title, we think, fairly expresses the subject of the act, and we are further of opinion that the act embraces but one subject. In another case under submission, in which the validity of this act is also in question, it is said in support of the point now under consideration that the body of the act treats of two subjects, because provision is therein made for county governments, and also for the division of such counties into townships, and for the election and compensation of justices of the peace and constables for such townships. But the creation of townships within a county, with the appropriate officers, like the division of the county into school, road, and supervisoral districts, with their appropriate officers, is but a part of the county government. This is an altogether different thing from the "township organization" spoken of in section 4 of article xi. of the Constitution. A bare perusal of that provision makes this sufficiently plain, for it is there in terms declared that, under the township organization that the legislature is directed to provide for, any *county* may organize whenever a majority of the qualified electors of such county, voting at a general election, shall so determine; and, further, that whenever a county shall adopt such township organization, the assessment and collection of the revenue shall be made, and the business of such county and the local affairs of the several townships therein shall be managed and transacted in the manner prescribed by the general laws providing for the township organization. (See also *Ex parte Wall*, 48 Cal. 318.) On the part of the appellant it is contended further, that those provisions of the Act of March 14, 1883, relating to fees and salaries of officers, come within the inhibition of that provision of the Constitution declaring that the legislature shall not pass local or special laws affecting the fees or salary of any officer.

The provisions in question are a part of the general law establishing a uniform system of county and township governments. For the establishing and carrying on of such governments

officers are essential, and for such officers compensation must be provided.   By the fifth section of article xi. of the Constitution, the legislature is commanded to provide for the election or appointment in the several counties of all necessary officers, to prescribe their duties, fix their terms of office, and regulate their compensation.   Certainly, there is no more appropriate place for such provision and regulation than in the act establishing the government of which the officers form part.   The Constitution further expressly provides that the compensation of all such officers shall be regulated in proportion to *duties*, and, for the purpose of so regulating the compensation, the legislature is authorized to classify the counties by population.   The act in question, for the purpose of regulating the compensation of the various officers authorized by its provisions, establishes forty-eight classes, whereas there are in the State but fifty-two counties; and it is insisted that in establishing so many classes, the legislature in some way violated that provision of the Constitution authorizing the classification of counties in proportion to population.   Counsel argues this proposition as if the constitutional provision was that the legislature should regulate the compensation of the officers of the various counties, townships, etc., in accordance with its classification by population.   But this is not at all so.   The requirement is that the compensation shall be regulated in proportion to *duties*, and *as a means* of doing that, the legislature is authorized to classify the counties by population.   How can the courts say how many classes it is necessary for the legislature to establish in order to carry out this command of the Constitution?   If they can say that forty-eight classes are too many, they can say that thirty-eight or twenty-eight are.   The proper determination of that question of necessity depends upon a variety of considerations which are for the legislature and not for the courts.   The authority existing, it is not for us to say that it was improperly exercised.   The legislature is a co-ordinate branch of the State government, and the courts should never declare its acts invalid unless clearly in conflict with the Constitution.   We see no such conflict in this case.

Judgment affirmed.   .

MORRISON, C. J., MYRICK, J., McKINSTRY J and SHARPSTEIN. J concurred.