## FLECKENSTEIN v. PLACER COUNTY.

### No. 18,298; September 29, 1894.

#### 37 Pac. 931.

**Fees of Constables—Construction of Statute.**—Statutes of 1893, page 452, section 184, subdivision 17, which declares that subdivision 14 of the act (fixing the fees of the constables) shall apply to present incumbents, applies to a constable of Placer county holding office at the time of the passage of the act.

**Fees of Constables—Constitutionality of Statute.**—Statutes of 1893, page 452, section 184, subdivision 14, providing that the fees allowed constables for services in criminal actions other than felonies shall not exceed $75 for any one quarter, is not in conflict with constitution, article 11, section 5, which makes it the duty of the legislature to regulate the fees of officers in proportion to their duties. Nor does such provision conflict with constitution, article 4, section 25, prohibiting local and special legislation affecting the fees of any officer.

APPEAL from Superior Court, Placer County; J. E. Prewett, Judge.

Action by one Fleckenstein against the county of Placer to recover constable's fees. Judgment was rendered in favor

of plaintiff for less than the amount claimed by him, and he appeals. Affirmed.

A. K. Robinson and F. P. Tuttle for appellant; L. L. Chamberlain for respondent.

DE HAVEN, J.—This action was brought by the appellant, a constable within the county of Placer, to recover from that county fees for services rendered by him as constable in criminal cases other than felonies. The amount demanded in the complaint is the sum of $573.10, with interest from July 1, 1893. A judgment was rendered in the superior court in favor of plaintiff, but not for the full amount claimed. The plaintiff appeals. It is conceded by appellant that the judgment is in accordance with subdivision 14 of section 184 of the county government act approved March 24, 1893 (Stats. 1893, p. 452), and that the judgment must be affirmed if that provision of the act is constitutional, and applies to constables in office in the county of Placer at the date of its passage.

1. Subdivision 17 of section 184 of the act above mentioned declares that "the provisions of subdivision 14 of this section shall apply to present incumbents." This language clearly refers to those holding the office of constable in that county at the date of the passage of the act. It can mean nothing less, and its effect is not destroyed by the fact that the main body of the act of which section 184 is a part does not, except as in the act "otherwise provided," take effect until the first Monday after the first day in January, 1895. It is the intention of the act that subdivision 14 of section 184 should take effect immediately upon its approval.

2. Subdivision 14 of said section 184 is not unconstitutional. It provides that constables shall have the "fees allowed by the general fee bill of 1870, provided that the amount allowed by the board of supervisors for services in criminal actions and proceedings other than felonies shall not exceed seventy-five dollars for any one quarter." This provision is not in conflict with section 5 of article 11 of the constitution of this state, which makes it the duty of the legislature, among other things, to regulate the fees of officers "in proportion to their duties": Green v. County of Fresno, 95 Cal. 329, 30 Pac. 544. Nor is the law under consideration local and special, and for that reason forbidden by the constitution: Longan v. County

of Solano, 65 Cal. 122, 3 Pac. 463; Cody v. Murphey, 89 Cal. 522, 26 Pac. 1081.

The other points urged by counsel as grounds for a reversal of the judgment do not require special discussion. Judgment affirmed.

We concur: McFarland, J.; Fitzgerald, J.