[L. A.   No. 34.   Department One.—December 23, 1895.]

J. J. ARBIOS, APPELLANT, v. COUNTY OF SAN BERNARDINO, RESPONDENT.

CLAIM AGAINST COUNTY—PREMATURE SUIT—PARTIAL REJECTION OF CLAIM —FINAL ACTION OF SUPERVISORS—CONSTRUCTION OF COUNTY GOVERNMENT ACT.—Under sections 43 and 44 of the County Government Act, where the supervisors have allowed a portion of a claim presented, and rejected the remainder, the claimant, if dissatisfied with the rejection of the claim in part, is required to indicate to the supervisors his unwillingness to accept the amount allowed, and to give them an opportunity to again consider his claim for final action at the next regular succeeding session of the board, and a suit brought by the claimant before such final action is had by the supervisors upon the claim, is premature, and cannot be sustained.

APPEAL from a judgment of the Superior Court of San Bernardino County.   GEORGE E. OTIS, Judge.

The facts are stated in the opinion of the court.

*Henry W. Nisbet*, for Appellant.

*F. B. Daley, District Attorney,* and *L. M. Spracher, Assistant District Attorney,* for Respondent.

Appellant should have presented his claim to the board a second time if he was not satisfied with the amount allowed by the board the first time, in order that an opportunity of amicable adjustment should be first afforded to the county, before she could be charged with the costs of suit. (County Government Act, secs. 43, 44; Stats. 1891, p. 311; *McCann* v. *Sierra County,* 7 Cal. 121; *Alden* v. *Alameda County,* 43 Cal. 270; *Estee's Pleadings,* sec. 399, and note, citing *Abbott's Forms,* No. 184, and authorities there cited; *Rhoda* v. *Alameda County,* 52 Cal. 350.)

HARRISON, J.—The plaintiff is constable of one of the townships in the county of San Bernardino, and on the fifth day of May, 1894, filed with the clerk of the board of supervisors of that county, and presented his claim for three hundred and eighty-three dollars and forty cents, properly itemized and verified, for services rendered by him as such constable. The board of supervisors at its meeting on the 7th of August allowed the claim for one hundred and ninety-eight dollars and ninety-nine cents. Thereupon the plaintiff commenced the present action to recover the full amount of his claim. A demurrer to the complaint was sustained by the court, and from the judgment entered thereon this appeal is taken.

The controverted question on this appeal is whether the plaintiff was authorized to bring an action upon the claim before the supervisors had acted thereon, after being informed of his unwillingness to accept the amount allowed. Section 43 of the County Government Act (Stats. 1893, p. 364), after providing that the board of supervisors may allow a portion of a claim presented, provides: "If the claimant is unwilling to receive such amount in full payment, the claim may again be considered at the next regular succeeding session of the board, but not afterward"; and section 44 provides: "A

claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward."

This provision in section 44, limiting his right to sue the county to six months after its "final action" upon his claim, implies that the board is to act more than once thereon, and its "final action" is that which in the concluding portion of section 43 is directed to be taken when it has again considered the claim, after learning that the claimant is dissatisfied with its prior action. The supervisors would not know whether the claimant would be willing to accept the amount allowed, unless he should in some way indicate his disposition, and until they were informed of his unwillingness there would be no occasion for them to again consider the claim. Statutes requiring the presentation of claims against a county are framed with the purpose of avoiding useless expense in litigation, and to give to the county ample opportunity to avoid such expense; and we hold, therefore, that under a proper construction of the concluding portion of section 43 the plaintiff was required to indicate to the supervisors his unwillingness to accept the amount which they had allowed, and give them an opportunity to again consider his claim, in order that the county might have an opportunity to avoid incurring the costs of litigation which, by section 44, would be imposed upon it if he should recover a judgment for more than the amount for which the claim was allowed. He was not authorized to bring a suit upon his claim until after they had again taken action thereon.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.