[No. 19492. Department One.—September 28, 1896.]

# THE COUNTY OF ORANGE, APPELLANT, *v.* THE COUNTY OF LOS ANGELES, RESPONDENT.

CREATION OF NEW COUNTY—DIVISION OF ASSETS—MISTAKE OF COMMISSIONERS — UNKNOWN CLAIM AGAINST STATE—REMEDY LEGISLATIVE, NOT JUDICIAL.—In creating a new county out of a portion of another county, it is for the legislature to determine how the debts and property of the county shall be divided and apportioned, and if the commissioners appointed to make such division fail by mistake to divide a claim existing in favor of the county against the state, of which they then had no knowledge, the remedy for such failure is legislative, and not judicial, and the courts have no jurisdiction of an action by the new county to recover its proportion of such claim when paid by the state to the county from which the new county was formed.

APPEAL from a judgment of the Superior Court of Ventura County. B. T. WILLIAMS, Judge.

The facts are stated in the opinion.

*James G. Scarborough, District Attorney,* for Appellant.

The judgment of the commissioners shows that the matters involved in this writ were not directly determined or passed upon, and therefore have not been adjudicated. (*Fulton* v. *Hanlow,* 20 Cal. 486; *Ferrea* v. *Chabot,* 63 Cal. 564, 570; *Kidd* v. *Laird,* 15 Cal. 161, 182; *People* v. *Frank,* 28 Cal. 516; *Garwood* v. *Garwood,* 29 Cal. 523; *Earl* v. *Bull,* 15 Cal. 421, 426; *Hobbs* v. *Duff,* 23 Cal. 628; Code Civ. Proc., sec. 1911; 2 Black on Judgments, sec. 628 and cases, 731, 732; *Hickerson* v. *Mexico,* 58 Mo. 61; 21 Am. & Eng. Ency. of Law, 191, 192, and cases cited; *Washington etc. Packet Co.* v. *Sickles,* 24 How. 333; *Miller* v. *Manice,* 6 Hill, 121; *Barnum* v. *Reynolds,* 38 Cal. 647; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 561; *Thrift* v. *Delaney,* 69 Cal. 191; *People* v. *Alameda County,* 26 Cal. 650, 651.)

*H. C. Dillon, District Attorney,* and *W. A. Ryan, Assistant,* for Respondent.

The matters alleged in the complaint are *res judicata.* (2 Freeman on Judgments, sec. 531; *Robinson* v. *Board*

*of Supervisors,* 16 Cal. 208; *Tilden* v. *Sacramento County,* 41 Cal. 68; *Central Pac. R. R. Co.* v. *Placer County,* 43 Cal. 365; *Woolverton* v. *Baker,* 98 Cal. 628.)   A portion of a claim sued upon, omitted by mistake in giving judgment, cannot be sued upon in a subsequent action. (*Cunningham* v. *Harris,* 5 Cal. 81; *Platner* v. *Best,* 11 Johns. 530; *Veghte* v. *Hoagland,* 29 N. J. L. 125; *McCaffrey* v. *Carter,* 125 Mass. 330; *Fidler* v. *Cooper,* 19 Wend. 286; Freeman on Judgments, sec. 284; *Campbell* v. *Board of Commrs.,* 71 Ind. 185; *Blodgett* v. *Dow,* 81 Me. 197; *Kurtz* v. *Carr,* 105 Md. 574.)   Upon general principles of law, if part of the county is separated from it by annexation to another, or by the creation of a new county, the remaining part of the county retains all its property, powers, rights, duties, and privileges, and remains subject to all debts, obligations, and duties, unless express provision to the contrary be made by the act authorizing the separation.   (4 Am. & Eng. Ency. of Law, 353; *Hampshire County* v. *Franklin County,* 16 Mass. 84; *Washington County* v. *Weld County,* 12 Colo. 152; *Canova* v. *State,* 18 Fla. 512; *Laramie County* v. *Albany County,* 92 U. S. 307; *Whitney* v. *Stow,* 111 Mass. 368, 373; *Eagle* v. *Beard,* 33 Ark. 497; *Windham* v. *Portland,* 4 Mass. 390; *Cheyenne County* v. *Bent County,* 15 Colo. 320.) Where a county is divided, the rule for the division and apportionment of the debts and property between such county and to the detached territory belongs exclusively to the legislature, and not to the courts, and when the legislature has determined how the debts and property shall be divided, the courts cannot interfere.   (*Sedgwick County* v. *Bunker,* 16 Kan. 499.)   As appellant had every opportunity to have discovered this claim while the subject was pending before the commissioners, it cannot recover on the ground of mistake without explaining its failure to use ordinary diligence.   (*People* v. *Collins,* 48 Cal. 277; *Bornheimer* v. *Baldwin,* 38 Cal. 671; *Mastick* v. *Thorp,* 29 Cal. 449; *Holmes* v. *Rogers,* 13 Cal. 202; *Belt* v. *Mehen,* 2 Cal. 159; 56 Am. Dec. 329; *Michigan etc. Ins. Co.* v. *Conant,* 40 Mich. 537.)

BELCHER, C.—This is an action to recover from the defendant the sum of $1,903.70, alleged to be the plaintiff's proportion of $19,032.43 received from the state of California as repayment of money expended by Los Angeles county in providing for the support of aged persons in indigent circumstances between the thirtieth day of June, 1883, and the eleventh day of March, 1889.

A general demurrer to the complaint was interposed and sustained, and, plaintiff declining to amend, judgment went for defendant, from which the plaintiff appeals.

The facts alleged in the complaint are in substance as follows:

Orange county was created out of territory which had constituted a part of Los Angeles county, under the provisions of an act of the legislature approved March 11, 1889. After its organization was completed commissioners were appointed, as required by the act, to ascertain and adjust the respective liabilities of the two counties. On June 9, 1890, the commissioners made a detailed report of the facts ascertained by them, showing, among other things, that the amount due from Orange county to Los Angeles county, on March 11, 1889, was $15,581. This amount was, however, by a supplemental report reduced by deducting therefrom $1,500, and the balance so found to be due was thereafter paid by plaintiff to defendant.

In March, 1892, the defendant received from the state of California the sum of $19,032.43 as aid granted by the state, and as repayment of money expended by defendant in providing for the support of aged persons in indigent circumstances for the period of time from the thirtieth day of June, 1883, to the eleventh day of March, 1889.

The money so received by defendant was not included in the division of the assets between the plaintiff and defendant by the said commissioners, and it is alleged, on information and belief, that the claim against the state for such money was not known to exist by either of the

parties to the action or by the said commissioners at the time said division of assets was made.

Under the provisions of said act, and under the proportion established by said commissioners, plaintiff is entitled to a little more than one-tenth of said money as its share and proportion thereof, amounting to $1,903.70, for which sum defendant is indebted to plaintiff as for money had and received, with interest thereon.

On the 25th of April, 1892, plaintiff presented to the board of supervisors of defendant and filed its claim, duly verified and itemized, for the sum of money last named, and the same was disallowed by said board in December following, and no part thereof has ever been paid to plaintiff, but the whole thereof with interest remains due and unpaid.

By section 7 of the act to create Orange county it is provided that "They [the commissioners] shall ascertain the total amount of indebtedness of Los Angeles county existing at the time this act takes effect, and also the total value of all assets of said county, including real estate, buildings and bridges erected or in progress of erection, money and solvent credits of whatever nature, and any other property belonging to the said county of Los Angeles. They shall also ascertain the assessed value of all property in Los Angeles county under the assessment made in 1888, and also the assessed value of the property under the same assessment assessed in the territory hereby set apart to form Orange county. They shall then find the balance of the total assets and indebtedness of Los Angeles county, and, if there is a balance of indebtedness against said county, the same shall be divided between the two counties according to the following proportions. . . . . Said commissioners shall then certify forthwith to the respective boards of supervisors of said counties of Orange and Los Angeles such amounts of the said indebtedness due from Orange county, together with the ascertained value of all bridges and other property estimated and

reckoned among the assets of Los Angeles county, as aforesaid, erected or purchased by county funds, and situate in Orange county, which property shall be charged to the new county, and the amount thereof shall be an indebtedness to Los Angeles county, and shall thereupon become the property of said Orange county. In case said commissioners shall find a balance of assets of Los Angeles county over and above its liabilities, they shall belong to Orange county by the proportion aforesaid, and shall certify the same to the said boards of supervisors, together with the value of the bridges and other property as aforesaid; and if the amount of said balance of assets belonging to Orange county is less than the value of said property, then the difference between the two amounts shall be assumed and paid by Orange county to Los Angeles county; but if said amount is greater than the value of said property, then Los Angeles county shall pay the difference between the two amounts to said Orange county."

In this state the legislature has power to change the boundaries of counties, to consolidate two or more counties into one, and to create a new county out of the territory of one or more previously existing counties, subject only to the limitations expressed in article XI, section 3, of the constitution. And, as said in *Los Angeles County* v. *Orange County*, 97 Cal. 331: "It has been established by an unvarying line of decisions that, upon the creation of a new county out of the territory of another, the legislature, in the absence of constitutional restrictions, may make such provision with reference to the public property and debts, or their division, as to it may seem just; and that, in the absence of any provision in reference thereto, the old county will be entitled to retain all public property and assets, except such public buildings and structures as lie within the territory of the new, and will also be liable for all its prior obligations."

Assuming, as we must, that the money, a portion of which is sought to be recovered in this action, was paid

to the defendant as alleged in the complaint, the payment must have been made under and in pursuance of the provisions of an act of the legislature passed in 1883 (Stats. 1883, p. 380), and of section 22 of article IV of the constitution. (*San Francisco* v. *Dunn*, 69 Cal. 73; *County of Yolo* v. *Dunn*, 77 Cal. 133.) Clearly, then, the money collected in 1892 was due and collectible on March 11, 1889, and it constituted a part of the assets of defendant which might have been taken into account and apportioned by the commissioners, thus reducing the indebtedness of defendant to the extent of its proportion thereof. It was not taken into account, it appears, because the existence of such a claim against the state was not known to the plaintiff or defendant, or to the commissioners at the time the division of assets was made.

The question then is, Can the plaintiff resort to the courts and maintain an action to recover its proportion of the overlooked claim, as money had and received to its use?

In *Sedgwick County* v. *Bunker*, 16 Kan. 498, it was said: "Where a county is divided, the rule for the division and apportionment of the debts and property between such county and detached territory belongs exclusively to the legislature, and not to the courts; and, when the legislature has determined how the debts and property shall be divided and apportioned, the courts cannot interfere."

In creating the county of Orange the legislature determined how the debts and property of Los Angeles county should be divided and apportioned, as it had full power to do. The act prescribed the limits of each county's rights and the methods by which they were to be ascertained. In performing their duties the commissioners doubtless intended to make the division as required, and, if they failed to do so, the failure arose through mistake. The mistake was one, however, which, in our opinion, can be corrected by legislative action only, and not by the courts. The courts are

without authority to adjust matters of this character between counties.

We conclude, therefore, that the demurrer to the complaint was properly sustained, and that the judgment should be affirmed.

SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

> HARRISON, J., VAN FLEET, J., GAROUTTE, J.

Hearing in Bank denied.