[L. A. No. 391. In Bank—July 28, 1899.]

## COUNTY OF SAN DIEGO, Respondent, v. COUNTY OF RIVERSIDE, Appellant.

COUNTIES—DIVISION—PRIOR RAILROAD TAXES — IMPROPER REASSESSMENT—RECOVERY OF LOSS.—Upon the division of a county, with an agreed basis of apportionment of assets, which did not include ·prior unpaid railroad taxes, the validity of which was disputed, and which had not then been reassessed, but which were subsequently improperly reassessed for the previous years to each of the counties, upon the basis of their respective railroad mileage, and paid upon that basis, the original county may recover from the new county the difference between the amount of taxes received by the complainant, and the amount which it would have had, if the taxes had been wholly reassessed to it, and divided between them upon the agreed basis of apportionment, with interest upon such difference.

ID.—PRESENTATION OF CLAIM.—The claim for reimbursement having been presented by the original county to the new county for allowance, and wholly rejected, it need not be again presented before bringing an action thereupon.

ID.—PLEADING—INVALIDITY OF ORIGINAL ASSESSMENTS—GENERAL DEMURRER.—Where the complaint showed that the railroad taxes were long delinquent, owing to a question as to their validity, and that reassessments made by the state board of equalization were accepted and acted upon by the railroad company by payment of the taxes, it cannot be objected upon general demurrer that the invalidity of the original assessments was not directly alleged.

ID.—DUTY OF STATE BOARD OF EQUALIZATION—REASSESSMENT AND APPORTIONMENT.—It is the duty of the state board of equalization, in making a reassessment of railroad taxes, to take the place of an invalid assessment of a previous year, to make their apportionment to the counties· as they existed at the time of the invalid assessment, and not at the time of the reassessment.

ID.—LIEN FOR TAXES NOT CREATED BY ASSESSMENT.—The lien for the taxes justly leviable upon the property of a railroad company attaches on the first Monday of March in each year, and is not created by the assessment, which is merely one of the steps for the enforcement of the lien; and whenever a valid assessment or reassessment is made for that year, the taxes become payable to the county in which the roadbed was included when the lien attached for the taxes of that year.

ID.—AMBIGUITY OF COMPLAINT—MISTAKE IN FIGURES.—The ambiguity of the complaint caused by a mistake in figures, causing a discrepancy of allegation as to the number of miles taxed in the new county, which may be corrected by other figures given in the complaint, cannot be reached upon general demurrer.

ID.—FAILURE OF COMMISSIONERS TO DIVIDE UNPAID TAXES—ERROR IN FAVOR OF APPELLANT.—The objection that the commissioners failed to divide the unpaid railroad taxes for previous years, the validity of which was disputed, and which had not then been reassessed, cannot preclude a recovery by the original county of its alleged proper proportion of the taxes received by the new county, when subsequently reassessed and paid. If such failure made a subsequent division impossible the original county would be entitled to recover and keep all the taxes for those years; and the new county, upon appeal, from a judgment for a portion of the taxes improperly received by it, cannot complain of error in its favor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

L. Gill, District Attorney of Riverside County, Charles R. Gray, and E. W. Freeman, for Appellant.

A. H. Sweet, District Attorney of San Diego County, Alexander & Hughes, and Goodrich & McCutchen, for Respondent.

BEATTY, C. J.—This action was commenced in the county of Los Angeles to recover certain moneys claimed to have been received by the defendant to the use of plaintiff. Defendant demurred to the complaint upon the grounds of absence of jurisdiction and want of facts. The superior court overruled the demurrer, and, defendant declining to answer, entered judgment for the plaintiff, from which this appeal is prosecuted.

If the facts alleged in the complaint constitute a cause of action, there appears to be no ground upon which the jurisdiction of the court can be successfully assailed.

It appears from the complaint, among other things, that the county of Riverside was created by an act of the legislature, approved March 11, 1893 (Stats. 1893, p. 158), out of territory formerly belonging, part to the county of San Diego and part to the county of San Bernardino, and that commissioners were appointed in pursuance of the provisions of said act to settle and adjust the mutual claims and obligations of the counties of Riverside and San Diego, with respect to the property and existing indebtedness of the latter county; that said commissioners duly organized and afterward made their award, by which it was determined, among other things, that Riverside county should pay to San Diego county the sum of $2,782.86, and that the net assets of San Diego county, as the same stood at the date of the act creating Riverside county, should be divided between the two counties as follows: 61,087 parts out of 71,087 parts to San Diego county and the remaining 10,000 parts to Riverside county. This ratio of division was subsequently ratified and accepted by the respective boards of supervisors of the two counties, and partly carried out.

Before the creation of Riverside county there were 158.85 miles of railway belonging to the Southern Pacific Company within the county of San Diego upon which the taxes were

delinquent for the years 1880 to 1887, inclusive, no part of which taxes were paid until after reassessment in pursuance of the act of March 23, 1893 (Stats. 1893, p. 290). The taxes of 1880 to 1885, inclusive, were paid by the railroad company in 1893, and were considered and included in the award of the commissioners, and divided by the supervisors of the respective counties according to the ratio above stated. But the taxes for the years 1886 and 1887 were not then paid and were not considered or in any manner adjusted by said board of commissioners, or by said boards of supervisors. In August, 1894, and subsequent to the award of said commissioners, the taxes of 1886 and 1887 still remaining unpaid, the state board of equalization, in pursuance of said act of March 23, 1893, made reassessments of said 158.85 miles of railway for the years 1886 and 1887, but instead of apportioning and certifying the whole of said assessments to the county of San Diego, as they should have done, they apportioned and certified the assessments upon 71.06 miles to the county of Riverside, that being the number of miles within the territory transferred from the former to the latter county by the act of March 11, 1893. These reassessments were thereafter entered upon the tax rolls of the respective counties, according to the erroneous apportionment of the state board of equalization, and the taxes were paid by the state treasurer (by whom they were collected from the railroad company) to the treasurers of the respective counties, according to the same erroneous apportionment, the result being that, out of the whole amount paid, the county of Riverside received $7,969.65 more, and San Diego that amount less, than they would have received if the whole amount of said delinquent taxes had been divided according to the ratio established by the commissioners and accepted by the respective boards of supervisors as the basis of division of the net assets of San Diego county.

The county of San Diego accordingly made due demand upon the county of Riverside for said sum, and, payment being refused, brought this action, in which judgment is rendered in its favor for the amount so demanded, with legal interest.

Appellant contends, upon several grounds, that this judgment is not sustained by the allegations of the complaint:

1. It is contended that one presentation only of plaintiff's claim before commencing suit was insufficient, in view of the construction placed upon sections 43 and 44 of the County Government Act (Stats. 1893, p. 364) in *Arbios v. County of San Bernardino*, 110 Cal. 553. But neither that decision nor the law construed has any application to a case in which the entire claim has been rejected on the first demand for allowance, which was the case here.

2. It is contended that the county of San Diego can have no claim against San Bernardino county for any of the moneys here in question, because the facts alleged do not constitute a legal basis for a reassessment, and, consequently, that there was no legal obligation upon the part of the railroad company to pay them, or any part of them, to San Diego county. The particular point of this objection is, that it is nowhere alleged in the complaint that the original assessments for 1886 and 1887 had been adjudged invalid, or that they were invalid in fact, whereas such adjudication or such actual invalidity was a necessary condition precedent to a reassessment. It is true that under the act of March 23, 1893, no reassessment was authorized, except in case of an invalid assessment, and it is true that there is in this complaint no direct allegation that the railroad assessments for the years 1886 and 1887 were invalid. It does appear, however, that the taxes for those years had been delinquent for a long period, owing to a question as to the validity of the assessments, and that the state board of equalization had made reassessments which were accepted and acted upon by the county and by the railroad company by payment and receipt of the taxes levied thereon. As against a general demurrer, I think these allegations sufficient to show a lawful reassessment and rightful claim on the part of San Diego to any taxes justly apportionable to that county.

3. It is contended that if the state board of equalization had the power to make these reassessments, they were required by section 10 of article XIII, of the constitution, to make the apportionment to Riverside county as they did make it. That section provides that "the franchise, roadway, . . . . of all railroads operated in more than one county in this state shall be assessed by the state board of equalization at their actual

value, and the same shall be apportioned to the counties, cities, . . . . in which such railroads are situated in proportion to the number of miles of railway laid in such counties, cities," et cetera. Under this provision of the constitution the state board of equalization, making a reassessment in 1894 to take the place of an invalid assessment for the year 1886 or 1887, were required to make their apportionment to the counties as they existed in 1886 or 1887, not as they existed in 1894.

4. It is contended that if the original assessments for 1886 and 1887 were invalid, then there was no valid lien for the taxes until the reassessment in 1894, and that Riverside county, having been created in the meantime, the taxes on that portion of the railroad within Riverside county accrued to and were payable to it. But the assessment does not create the lien. It is merely one of the steps for its enforcement. The lien for the taxes justly leviable upon the property of a railroad company attaches on the first Monday of March in each year, and the obligation to pay necessarily accrues at the same time, if not earlier. Payment is not due, of course, until the assessment has been made; but, when that has been done and the amount of the tax ascertained, it is payable to the county in which the roadbed was included at the time when the lien attached.

5. There is an evident mistake in the complaint where it is alleged that the money paid to Riverside county was the tax upon 92.60 miles of railway. Taking all the allegations of the complaint together, it clearly appears that in the territory transferred from San Diego county to Riverside there were 71.06 miles of road, and in the territory transferred from San Bernardino county there were 21.54 miles, making in all 92.60 miles. These figures have been used in two places instead of the correct figures 71.06, but by computation from the figures given in the complaint it is readily shown that the tax levy in San Diego county for 1886 was $1.14 upon $100, and that the sum paid to Riverside county for that year was the exact amount of the tax on 71.06 miles of road. In the same way it will appear that the payment of the reassessment for 1887 was also the tax on 71.06 miles. These errors in the complaint made it, to some extent, ambiguous, but they are not reached by a general demurrer.

6. It is contended on the authority of *Orange County v. Los Angeles,* 114 Cal. 390, that since the commissioners failed to make a division of the taxes for 1886 and 1887 in their report or award, no part of such taxes can be recovered by San Diego county. But all these taxes were properly payable to San Diego county in the first instance, and the portion received by Riverside county was so received only in consequence of a mistake made by the board of equalization and by the state treasurer. If, therefore, the failure of the commissioners to make a division renders a division impossible the case of Riverside county is so much the worse. The county of San Diego, instead of having about six-sevenths of the tax, should have had it all. If there is an error in the judgment it is not an error of which the appellant can complain.

The judgment is affirmed.

Temple, J., McFarland, J., Garoutte, J., and Harrison, J., concurred.