[L. A. No. 1547. In Bank.—September 11, 1905.]

## W. S. MILLARD, Respondent, v. COUNTY OF KERN, Appellant.

Action against County—Compensation of Justice of the Peace—Presentation of Claim.—In an action against the county by a justice of the peace to recover compensation for services in criminal actions, where it appears that the claim presented to the board of super-

visors was wholly rejected, it is not necessary that it should appear that it was again presented to the board.

ID.—COMPENSATION IN CRIMINAL ACTIONS IN KERN COUNTY—AMEND-MENT OF COUNTY GOVERNMENT ACT INVALID.—The compensation of justices of the peace in Kern County for services in criminal actions is regulated by the County Government Act of 1897. The amendment of 1901 to that act, classifying the townships of Kern County in relation to salaries of justices of the peace and constables, is unconstitutional, as not regulating the compensation "in proportion to duties." [Van Dyke, J., and Shaw, J., dissenting.]

ID.—SUFFICIENCY OF COMPLAINT—STEPS TAKEN FOR PRESENTING CLAIM —EXHIBIT OF COPY.—Where the complaint fully set forth by direct averment all of the proper steps taken to present a duly verified and itemized claim to the supervisors, and there was attached to the complaint as an exhibit a copy of the verified itemized claim presented, which was made part of the complaint, the complaint is sufficient in that respect.

APPEAL from a judgment of the Superior Court of Kern County. Paul W. Bennett, Judge.

The facts are stated in the opinion.

U. S. Webb, Attorney-General, and J. W. P. Laird, District Attorney, for Appellant.

C. L. Claflin, for Respondent.

GRAY, C.—The action was brought to recover from defendant county four hundred and five dollars alleged to be due plaintiff as justice of the peace on one hundred and thirty-five criminal actions and proceedings heard before him during the month of September, 1903. The plaintiff had judgment for the amount claimed, and the defendant county appeals therefrom.

1. Appellant's first contention is, that the complaint fails to show that the claim was presented twice to the board of supervisors, and is therefore defective.

It appears that the claim was wholly rejected on its first and only presentation to the board. It was therefore unnecessary to present it again. (*San Diego* v. *Riverside,* 125 Cal. 499, [58 Pac. 81].)

2. The vital question in the case relates to the constitutionality of the County Government Act of 1897 as amended

in 1901.    In 1897 (Stats. 1897, p. 536) it was provided that
justices of the peace in Kern County in townships having a
population of four thousand should receive a monthly salary
of one hundred and twenty-five dollars in full compensation
of all services in both civil and criminal cases.    Under the
same section justices of the peace in townships of less than
four thousand inhabitants were to receive the "fees as are
now or may hereafter be allowed by law."    In townships of
from nine hundred to four thousand inhabitants it was pro-
vided that a justice of the peace should receive not more than
one hundred dollars in one month for work in criminal cases.
In other townships they were to receive three dollars in each
criminal case not exceeding forty dollars in any one month.
In 1901 (Stats. 1901, p. 749) the townships of Kern County
were classified "for the purpose of regulating the salaries of
justices of the peace and constables."    This was intended as
an amendment to the act of 1897 above referred to.    Under
the provisions of the act of 1897 as amended by the classifi-
cation of townships in 1901, the township in which plaintiff
was a justice of the peace was of the first class, which by the
amendment was raised to a population of five thousand and
upwards, and the total compensation of the said justice by
the terms of the statute was to be a fixed salary of one hun-
dred and twenty-five dollars per month.    We are of opinion,
however, that the act as amended in 1901 does not regulate
the compensation of justices of the peace "in proportion to
duties," and is therefore in conflict with the constitution.
The late case of *Tucker* v. *Barnum,* 144 Cal. 266, [77 Pac.
919], is decisive of the question before us, and we quote its
language as applicable here: "The objection, therefore, to
the section under consideration comes, not from the fact that
it so classifies townships, but from the fact that within this
classification there is a violation of the constitutional pro-
vision that the legislature shall regulate the compensation of
all officers 'in proportion to duties.'    If two justices of the
peace in townships of different population shall each dispose
of fifty criminal cases in one month, they have rendered
identical service, and that one, because he is a justice in a
township of a smaller population than another, shall receive
less compensation for identical services than shall the other
justice residing in a township of larger population, is a mani-

fest violation of the constitutional provisions to which we have adverted. The law under consideration falls, therefore, not because it classifies townships by population for the purpose of regulating the compensation of township officers, but because, within the classification so made, it does not regulate the compensation 'in proportion to duties.' ''

The law of 1897 as amended in 1901 being unconstitutional, it follows that plaintiff is still entitled to three dollars in each criminal case just as he was before the passage of that act.

3. The complaint contained the following allegation: ''That on the sixth day of October, 1903, plaintiff duly presented to the board of supervisors of said county for allowance, and filed with the clerk of said board his claim for his services performed and rendered in the said actions and proceedings as justice of the peace of said township, which said claim was duly· itemized, giving names, dates, and particular services rendered, and was by the oath of plaintiff duly verified to be correct, and that the amount claimed was then justly due and that said claim was presented within a year after the last item of the account therein set out, accrued. A copy of said claim is hereunto annexed, marked 'Exhibit A,' and made a part of this complaint.''

There was attached to the complaint as an exhibit a copy of the duly verified itemized claim.

In the foregoing allegation the complaint contained a sufficient statement of the steps taken by plaintiff in presenting his claim to the board of supervisors. The complaint stated a cause of action.

We advise that the judgment be affirmed.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.

Van Dyke, J., dissented.

ANGELLOTTI, J., concurring.—I concur.

There is no express authorization in the constitution for a classification of the *townships* of a class of counties by population, for the purpose of fixing the compensation of township officers. The constitution expressly provides only for a classification of counties by population. In the case of townships, therefore, a classification by population is not founded

on any constitutional distinction, and must find its justification in other reasons.

But it is recognized that a substantial difference in the population of the several townships of a class of counties will be ordinarily attended with a corresponding difference in the duties of the officers, and it has therefore been held that the legislature may classify the townships of a class of counties by population for the purpose of fixing the compensation of the township officers.

It is, however, not because of any constitutional distinction that this is permissible, but simply because a substantial natural reason exists for the creation of such classes,—viz., that the duties in a class of townships having a larger population will be greater in amount than those of a class of townships having a smaller population. This is the only conceivable natural reason justifying such a classification, and it requires the fixing of the compensation upon a scale proportioned to the population of the different classes of townships. If the compensation be not so fixed, it is not "in proportion to duties," if the population is to be the measure of the duties, and it is only upon the theory that the population is such measure that such classification of *townships* is permissible.

Where it is apparent from the face of the act that the compensation in the different classes of townships of the class of. counties, based solely upon differences in population, has not been fixed upon a scale proportioned to their respective populations, it seems very clear to me that the act of the legislature is in violation of the constitutional provision requiring the compensation to be in proportion to duties.

Under the decision in *Tucker* v. *Barnum*, 144 Cal. 266, [77 Pac. 919], the provisions as to limitations upon the respective amount of fees to be allowed justices of the peace in criminal cases in townships of the second, third, and fourth classes of Kern County are void. This being so, the provision as to the compensation by salary of justices of townships of the first class of townships of said county must also fall, for that salary was necessarily fixed with reference to the compensation prescribed for the other classes. It could only be upon the theory that the amounts prescribed for the other classes were to be received by the officers thereof, that the salary of one hundred and twenty-five dollars per month for justices

of the first class was fixed upon as a proper proportionate compensation for them. The respective provisions are so interwoven and interdependent that one cannot stand without the others.

As the constitution expressly warrants the classification of *counties* by population, for the purpose of regulating the compensation of all township and county officers in proportion to duties, what is here said in no way affects the question as to the right of the legislature to fix the compensation of the county and township officers of the various classes of counties otherwise than in proportion to the population of the various classes. The classification being a proper one, because expressly authorized by the constitution, it has been held that the legislature may take into consideration other matters besides population in determining what is a compensation in proportion to duties, (see *Longan* v. *County of Solano*, 65 Cal. 122, [3 Pac. 463]), and its conclusions on the question are conclusive on the courts.

SHAW, J., dissenting.—I dissent.

In *Tucker* v. *Barnum*, 144 Cal. 266, [77 Pac. 919], the court decided that the constitutional requirement to fix the compensation of township officers in proportion to duties was violated in every case where it was so fixed in different classes of townships that in any particular month it might happen that the officers of the class of townships, or of a single township of the class, under consideration would be paid at a rate in greater or less proportion to duties performed than the officers of some other class or township whose pay was fixed by a different act, or a different section, or clause of the same act; and in effect, that such a law would be void, although, as matter of fact, the compensation so received for such month in the class or township involved was in proper and just proportion to duties. The same rule is followed here with a wider application. The flat rate of one hundred and twenty-five dollars a month in the class of townships here considered is declared invalid because it is not the same as that given in other townships of different population, although in those other townships the rate is fixed upon an entirely different plan or basis, having no relation to, and furnishing no means of comparison with, the rate in question in the class involved.

And this is again done without deciding or inquiring whether the rate in either of the classes referred to is or is not in just proportion to duties.

Although it is put on an entirely different ground, the facts show that the decision really is that the rate in different classes of townships is contrary to the constitutional mandate in question, unless the different rates are graduated to a scale so as to make them proportional to *population,* rather than in proportion to *duties,* a proposition expressly repudiated in the leading case on the subject,—namely, *Longan* v. *Solano County,* 65 Cal. 122, [3 Pac. 463], which has been considered the rule of legislative action for the last twenty years. If this is not the correct rule in respect to counties, I can perceive no just ground for holding it a correct rule for townships, both being subject to the same constitutional injunction. Unless that case is to be overruled, with the result that until the legislature makes further provision the compensation of officers will be regulated entirely by the fee-bill of 1895, I do not think the decision of this court in this case can be logically sustained.

It may be added that in *Green* v. *Fresno County,* 95 Cal. 329, [30 Pac. 544], it was decided that the question whether or not the compensation of county and township officers was in due proportion to duties was for the legislature and not for the courts, and that the legislative judgment on the subject is conclusive. The same proposition was in effect held in *Longan* v. *Solano County,* 65 Cal. 122, [3 Pac. 463], but it was not expressly stated. The argument in that case covered the entire County Government Act, which presented as great a lack of uniformity of compensation, as compared either to population of the respective counties or to the duties required, as could well be conceived, and yet it was held not to be a violation of the constitutional command to fix the compensation in proportion to duties.