[Civ. No. 477. Second Appellate District.—May 13, 1908.]

SILVESTRE MARRON, Appellant, v. COUNTY OF SAN DIEGO, Respondent.

COUNTY GOVERNMENT ACT—JUDICIAL CONSTRUCTION—RE-ENACTMENT—PRESUMABLE INTENTION OF LEGISLATURE.—Sections 42 and 43 of County Government Act of 1897, corresponding to sections 43 and 44 of the County Government Act of 1893, as construed by the supreme court in *Arbios* v. *San Bernardino*, 110 Cal. 583, were presumably enacted by the legislature with that construction in mind.

ID.—CLAIM AGAINST COUNTY—PART REJECTION BY SUPERVISORS—SECOND PRESENTATION ESSENTIAL BEFORE ACTION.—When the supervisors have partly allowed and partly rejected a claim presented to them, it is necessary that the claim be presented at the next regular session of the board, and that the claimant indicate his unwillingness to accept the amount allowed in order that he may maintain an action against the county, and a suit brought without such presentation is premature, and judgment therein should be in favor of the county.

ID.—REJECTION OF ENTIRE CLAIM.—If the whole claim presented is entirely rejected, no second presentation is required before suit can be maintained against the county.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

'J. Wade McDonald, for Appellant.

L. R. Kirby, District Attorney, and H. S. Utley, Deputy District Attorney, for Respondent.

TAGGART, J.—This is an appeal from a judgment of the superior court of San Diego county in an action brought for the purpose of determining the validity of certain fees charged by the constable and justice of the peace of San Luis Rey township in that county, for the arrest of "brakebeam tourists" upon charges of "fraudulently evading the payment of railroad fare." The board of supervisors rejected all items of plaintiff's bill based upon arrests made upon such charges, and the matter being submitted to the superior court upon an agreed statement of the case, judgment was for the defendant and plaintiff appeals.

It appears from the complaint that plaintiff presented four causes of action, two for his own fees as constable and two for the fees of the justice of the peace which had been assigned to him. His own bills are alleged to have been: For January, 1907, official services rendered for defendant in serving process, transporting and feeding prisoners, etc., "aggregating in value" $84.35; for February for the same kind of services, "aggregating in value" $74.70. The justice of the peace's official services for January are alleged to have aggregated $81 and those for February $66; and the prayer is for the aggregate of all these sums, to wit: $306.05. It is alleged that of the January bill of plaintiff items amounting to $10.25 were allowed and $74.10 were rejected; of his February bill $47.85 were allowed and $26.85 rejected; that of the bills of the justice of the peace items aggregating $15 were allowed and $66 were rejected in the January bill and $24 allowed and $42 rejected in the February bill. It is further alleged that all of the items rejected arose out of services rendered in cases in which persons were "charged with fraudulently evading the payment of railroad fare."

It is stipulated that the claims against the county upon which this action is based were presented to the board of supervisors but once, at which time they were allowed in part and rejected in part, as above stated, and that they

"were never thereafter again presented to said board of supervisors for allowance."

In the case of *Arbios* v. *San Bernardino,* 110 Cal. 553, [42 Pac. 1080], it was held, in construing sections 43 and 44 of the County Government Act of 1893 (Stats. 1893, p. 364), that when the board of supervisors allows a portion of the claim presented and rejects the remainder, it is necessary that the claim be again presented at the next regular session of the board, and that the claimant indicate his unwillingness to accept the amount allowed in order that he may maintain an action against the county, and that a suit brought without such second presentation is premature. Sections 42 and 43 of the County Government Act of 1897 (Stats. 1897, p. 471) contain the same provision, and were presumably enacted by the legislature with the construction given by the court in the Arbios case in mind.

The distinction drawn in the opinion rendered by the supreme court in *San Diego* v. *Riverside,* 125 Cal. 495, [58 Pac. 81], between cases in which the entire claim was rejected on the first demand and claims such as the one under consideration in the Arbios case, strengthens, rather than weakens, the latter case as an authority. The rule is again recognized in *Millard* v. *Kern County,* 147 Cal. 682, [82 Pac. 329], that if the claim be *wholly* rejected on the first presentation it need not be presented the second time. The reason given for the rule laid down in the Arbios case is inapplicable to, as well as unaffected by, the other two cases mentioned. On the authority of the Arbios case the judgment of the superior court in favor of the defendant should be sustained. That the particular items rejected all relate to one class of cases does not affect the rule. If a part of the claim be allowed and a part rejected, the court will not inquire into the reason for the disallowance in applying the rule. Until there has been a second presentation there has been no such final action as the statute requires in order that the claimant may sue the county.

This view renders it unnecessary to pass upon the validity of the items rejected by the board of supervisors.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.