[Civ. No. 294. Fourth Appellate District.—August 7, 1930.]

T. N. HARVEY, Appellant, v. THE COUNTY OF KERN, Respondent.

Guy Knupp for Appellant.

Ray Bailey, District Attorney, and W. A. McGinn, Deputy District Attorney, for Respondent.

HAINES, J., *pro tem.*—Actions had, prior to October 30, 1924, been brought against the County of Kern by sundry oil corporations in various courts of the state of California and in the United States District Court for the Southern District of California, to recover taxes paid, aggregating approximately two hundred fifty thousand dollars ($250,000), on improvements placed by such corporation on lands in Kern County leased by them from the United States, on the theory that the county was not entitled to tax the leasehold interests of such corporations in government lands or in the improvements made by them thereon. The board of supervisors of Kern County on October 30, 1924, employed the copartnership law firm consisting of the plaintiff T. N. Harvey and J. W. Wiley, as special counsel to be associated

with the district attorney of the county in representing it in this litigation. The arrangement was that the copartnership should, in consideration of such services, receive from the county a retainer of fifteen hundred dollars ($1500), all necessary expenses incurred in the litigation, and the reasonable value of its legal services (in excess, as we take it, of such retainer). Under this understanding such copartnership law firm proceeded to act for the county in the litigation, which resulted favorably to the county, and, in doing so, incurred necessary expenses found by the trial court to have amounted to four hundred fourteen dollars and forty-five cents ($414.45), and rendered professional services to the county, found by the trial court to have been reasonably worth twenty-five thousand dollars ($25,000). On account of such expenses and compensation the firm has hitherto received from the county, on account, the aggregate sum of three thousand five hundred dollars ($3,500), and on January 5, 1927, presented, in due form and properly itemized, and filed with the auditor of said county its claim against the county for a balance of twenty-one thousand nine hundred fourteen dollars and forty-five cents ($21,914.45). At a regular meeting of the board of supervisors held on January 10, 1927, the board allowed the claim for ten thousand dollars ($10,000) and no more. No notice of the board's action was given to the partnership, which did not learn or know what the board had done with the claim until on or about January 28, 1927. In the meantime the board had held two regular meetings, to wit, on the seventeenth and twenty-fourth days of January, 1927. On January 28, 1927, the partnership, being unwilling to accept the reduced allowance made by the board, presented and filed with the county auditor a further claim, identical with the first, and at the next regular meeting of the board, held on January 31, 1927, appeared before it to urge the full allowance, but the board refused to further consider the claim, or to take any action upon it other than that taken, as stated, on January 10, 1927, on the claim originally filed, and has ignored the existence of the second claim and neither formally allowed nor rejected it.

J. W. Wiley having subsequently died, the plaintiff T. N. Harvey, as surviving member of the partnership, and in its behalf, has filed and is prosecuting this action against the

County of Kern to recover the whole balance of twenty-one thousand nine hundred fourteen dollars and forty-five cents ($21,914.45) claimed.

The trial court, though it decided that the services of the partnership were reasonably worth the whole sum claimed by it, gave judgment for only the ten thousand dollars ($10,000) allowed by the board, for the reason that, in its opinion, the right of the partnership to anything more was barred, under the provision of what was formerly section 42 of the County Government Act of 1897, constituting now section 4077 of the Political Code, which reads as follows:

"Improper Claims to Be Rejected. When the board finds that any claim presented is not payable by the county, or is not a proper county charge, it must be rejected; and said rejection shall be plainly indorsed on said claim; if they find it to be a proper county charge, but greater in amount than is justly due, the board may allow the claim in part, and draw a warrant for the portion allowed, on the claimant filing a receipt in full for his account. If the claimant is unwilling to receive such amount in full payment, the claim may again be considered at the next regular session of the board, but not afterward."

The plaintiff appeals on the judgment-roll and, there being no dispute about the facts, the sole question to be here decided is whether, by reason of the statute referred to, the failure of the partnership, after the board's action taken on January 10, 1927, to indicate to the board its unwillingness to be satisfied with the reduced allowance, and to insist on its full claim at the board's next regular meeting, to wit, that held on January 17, 1927, bars the plaintiff's recovery in the present action.

1. It is settled that a claimant whose claim has been allowed by the board of supervisors in part only, may not resort to the courts to enforce the payment of the residue unless he has first availed himself of the statutory right to express to the board his unwillingness to be satisfied with the allowance made, so as to give the board the opportunity to consider the matter again in the light of his attitude. Thus the Supreme Court in *Arbois* v. *County of San Bernardino*, 110 Cal. 553, 555 [42 Pac. 1080, 1081], in considering the same statutory language then embodied in sec-

tion 43 of the County Government Act of 1893 (Stats. 1893, p. 364) said (p. 555):

"The supervisors would not know whether the claimant would be willing to accept the amount allowed, unless he should in some way indicate his disposition, and until they were informed of his willingness there would be no occasion for them to again consider the claim. Statutes requiring the presentation of claims against a county are framed with the purpose of avoiding useless expense in litigation and to give to the county ample opportunity to avoid such expense; and we hold therefore, that under a proper construction of the concluding portion of section 43 the plaintiff was required to indicate to the supervisors his unwillingness to accept the amount which they had allowed and give them an opportunity to again consider his claim, in order that the county might have an opportunity to avoid incurring the costs of litigation . . . He was not authorized to bring a suit upon his claim until they had again taken action thereon."

In *Marron* v. *County of San Diego,* 8 Cal. App. 244, 246 [96 Pac. 814, 815], the case of *Arbois* v. *County of San Bernardino* is referred to as holding "that when the board of supervisors allows a portion of the claim presented and rejects the remainder, it is necessary that the claim be again presented at the next regular session of the board, and that the claimant indicate his unwillingness to accept the amount allowed, in order that he may maintain an action against the county, and that a suit brought without such second presentation is premature."

The rule, where a claim is wholly rejected, is different, there being, in that case, no necessity for bringing it again to the attention of the board before resorting to the courts. (*San Diego County* v. *Riverside,* 125 Cal. 495 [58 Pac. 81]; *Millard* v. *Kern County,* 147 Cal. 682 [82 Pac. 329].)

That very distinction, however, is, in the Marron case, referred to as tending to strengthen the reason for the rule announced in the Arbois case, whereby the statute is construed to require, when a claim has been partially allowed, that the claimant express his unwillingness to accept the board's action, to the board itself, before going elsewhere for relief. As counsel for the appellant here says:

"The fact that a partial allowance had been made might reasonably be expected to lead to a settlement of the whole controversy, if the parties were required to again consider the matter on its merits before action in the courts was resorted to."

2. What, however, is specifically involved in this case is the meaning of the provision in section 4077 of the Political Code that where a claimant is unwilling to take a partial allowance, "the claim may again be considered *at the next regular session of the board, but not afterward.*" (Italics ours.)

The discussion in appellant's brief deals mainly with the purpose of this enactment. It is claimed that it cannot be intended to place any limit on the time within which an action on a partially rejected claim may be filed, since, although section 4078 of the Political Code specifies that an action to recover on a claim must be commenced within six months after the *final* action of the board, yet it is provided by section 342 of the Code of Civil Procedure that actions on claims against a county must be commenced within six months "after the *first* rejection thereof by such board," and that the last-mentioned section is applicable alike to claims partially rejected and to claims wholly rejected, so that the board's original action is, in any event, enough to start the running of the time allowed for suing. It is claimed, therefore, that since, as affecting the time for filing an action, the provision limiting the board's opportunity to reconsider a partially rejected claim to its "next regular meeting," would be a superfluity and necessarily ineffective, some other reason for the language under discussion in section 4077 of the Political Code must be sought. Under section 4078 of that code, if the supervisors neither allow nor reject the claim, the claimant may at the end of the nineteenth day after it has been filed deem such refusal the equivalent of its final rejection and commence action to recover the amount claimed. Counsel for appellant contend that, but for the limitation placed on the board's action by the provision of section 4077 in question, "it would be possible for the supervisors to wait until the last day of the ninety-day period, then reject the claim in part, which would necessitate the claimant expressing his unwillingness to accept the amount allowed, and another period of ninety days

must elapse before the claimant could commence suit,'' and that ''the only possible purpose of the provision referred to is to establish an early maturity of the cause of action of the claimant .against the county; that such provision is intended solely for the benefit of the claimant,'' and may, therefore, under the provisions of section 3513 of the Civil Code be waived by him.

We are unable to take this view of the matter. █ There might seem, on casual reading, to be some repugnancy between the requirement of section 342 of the Code of Civil Procedure, enacted in 1872 and never amended, that actions against a county on rejected claims ''must be commenced within six months after the *first* rejection thereof,'' and the provision now embodied in section 4078 of the Political Code that ''a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward.'' This language was contained in section 4075 of the Political Code as adopted in 1872, and, so, both it and the language of section 342 of the Code of Civil Procedure must be regarded as of substantially coincident adoption. The sections must, of course, be construed together, and, if possible, reconciled. It seems to us that the expressions ''first rejection'' and ''final action of the board'' must be taken to mean the same thing. █ If the board, when a claim comes before it, rejects it wholly, its first rejection is then complete, and is its ''final action,'' and the six months allowed by law for beginning an action in the courts against this county starts to run at once; but if the board allows the claim in part, then its action in disallowing the rest must be deemed merely tentative and inchoate, until the opportunity for dealing with the matter at its next regular meeting shall have passed, after which, in default of reconsideration at that meeting, the action taken becomes, as of that date, a definite rejection of the claim, as to .the part not allowed, which is at once the ''first rejection'' of the same and the ''final action of the board thereon.'' Then, and not until then, does the six months' period for commencing action on such a claim begin to run. (*Arbois* v. *County of San Bernardino, supra.)*

The use of the word "first" in what is designated as the "first rejection of a claim," is apparently designed to dispel any implication that claimants might extend their own time for filing in the courts actions against counties, by unauthorized re-presentations of what are in substance the same claims.

Accordingly, we are of the opinion that the limitations of time for commencing actions on claims against counties, now embodied respectively in section 342 of the Code of Civil Procedure and in section 4078 of the Political Code are in harmony with each other, and, contrary to the view of appellant's counsel, that the language of section 4077 of the latter code restricting the board's right to reconsider a partially allowed claim to its "next regular session," directly affects the time within which the county may be sued on such claims in the courts; that in consequence, however convenient the same enactment may be to a claimant in hastening the maturity of his cause of action, it is not designed for his convenience alone and, therefore, that it may not be waived at his volition.

3. Appellant contends, however, that the expression "next regular session of the board" must be construed to mean its next regular session after notice to the claimant that his claim has been allowed only in part, and that "the implication that such notice is to be given the claimant is as clear as though the statute expressly so provided." We do not believe that there is any such implication. It is certainly not unreasonable to expect those who file claims against counties to keep track of the times when boards of supervisors make a practice of passing on them and also to make inquiry about the dates of regular meetings of the board. It is, of course, true, as counsel suggest, that boards are not required by law to pass on claims on any particular day and may adjourn from day to day or from time to time and act on them at adjourned sessions. Still a claimant who had informed himself about the dates of regular meetings of the board could, without serious difficulty, inform himself, in advance of any such date, of the status of a claim previously filed by him. In our view the advisability of requiring any formal notice of a partial allowance of his claim, to be given him, is a question for the legislature and

not the courts, and we are not authorized to read any such requirement into the law.

To do so in the absence of statutory machinery for the giving of the notice, and for determining when and how a claimant should be charged with the notice so given, would introduce a large element of uncertainty as to when a claimant's right to further pursue his demands would in a particular case have ended.

We are of the opinion that the permission given by section 4077 of the Political Code for the further consideration by the board of supervisors of a partially allowed claim "at the next regular session of the board, but not afterward," must be construed precisely as it reads, and that appellant, not having brought himself within its requirements cannot now recover more than the board has allowed.

The judgment is affirmed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 27, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.