[L. A. No. 640.   Department Two.—September 11, 1899.]

R. M. VAIL, Appellant, v. SAN DIEGO COUNTY, Respondent.

COUNTY GOVERNMENT ACT—FEES OF SURVEYOR IN SAN DIEGO COUNTY—REPEAL—PROVISION FOR SALARY.—Section 145 of the County Government Act of 1893, which was applicable to all of the counties of the state, fixing the fees of the county surveyor at ten dollars per day for all work performed, was repealed by section 165 of the County Government Act of 1897, as to the class of counties to which San Diego belonged, providing a salary for the county surveyor therein, in lieu of all fees and *per diem* theretofore allowed by law.

ID.—VALIDITY OF COUNTY GOVERNMENT ACT OF 1897—CONSTITUTIONAL LAW.—Section 165 of the County Government Act of 1897 providing for salaries in certain counties in lieu of fees and *per diem* allowed under section 145 of the County Government Act of 1893, and sections 233 and 234 of the act of 1897, providing that the changes made by that act from fees to salaries should take effect from a fixed date, and should not affect incumbents having existing fixed salaries, are valid and constitutional, and are not objectionable for want of uniformity of operation, nor as being special legislation affecting the fees or salaries of officers.

ID.—UNIFORMITY OF OPERATION OF STATUTE.—A statute is uniform in its operation if it applies alike to all persons or objects within the class to which it relates.

ID.—DISCRETION OF LEGISLATURE—FEES AND SALARIES OF COUNTY OFFICERS—DIVERSE REGULATIONS.—The legislature has peculiar discretion in determining the mode and measure of the compensation of county officers, and may provide that some officers may receive fees or *per diem*, and that others shall receive regular salaries, and may adopt diverse regulations applying severally to each class, and not to the other.

ID.—REASONABLE DIFFERENCES OF ADJUSTMENT—DISTINCTION BETWEEN INCUMBENTS—SPECIAL LEGISLATION.—A statute conforming reasonably to the diverse circumstances of feed and salaried officers, and which does not proceed upon an arbitrary distinction, but upon intrinsic differences, suggesting the propriety of different adjustments relating to feed and salaried incumbents, is not special legislation within the prohibition of article IV of the constitution.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

Haines & Ward, for Appellant.

A. H. Sweet, District Attorney, for Respondent.

BRITT, C.—Plaintiff here was the duly elected, qualified, and acting county surveyor in and for the county of San Diego, for the term commencing on the first Monday after the first day of January, 1895. When his term began, the County Government Act of 1893 was in force, and by section 145 thereof, which seems to have been applicable to all the counties of the state, it was provided that: "The county surveyor shall receive ten dollars per day for all work performed." (Stats. 1893, p. 382.) This is an action to recover from said county compensation at said rate for various services rendered by plaintiff, in virtue of his said office, at divers times from June 1, 1897, to October 29, 1897, inclusive. The court below rendered judgment for defendant. The question on appeal is whether, on said June 1, 1897, the said provision of section 145 of the act of 1893 was, as regards the county of San Diego, repealed by the County Government Act of 1897, and replaced by the provision of section 165 of the latter act, to the effect that in counties of the class to which San Diego belongs, the surveyor shall receive a salary of two thousand dollars per annum "in lieu of all fees and *per diem* now allowed by law." (Stats. 1897, p. 513.)

By the terms of the act of 1897, the compensation of a considerable number of officers was changed from a *per diem* for work performed, as provided in the act of 1893, to a fixed salary; in other instances, salaries provided in the earlier act were, in the later, directly augmented or diminished or otherwise changed; and the purport of sections 233 and 234 of the act of 1897, so far as they concern the present case, was to put into effect, and render operative upon incumbents then in office, said changes from a daily wage for work performed to a fixed salary, on and after June 1, 1897; while in the case of existing fixed salaries, said sections 233 and 234 provided that the

changes should not affect the incumbents.   Plaintiff's point is that these provisions which purport to make the changes declared by the act of 1897 operative upon incumbents who had previously received a *per diem*, but not on those who were in receipt of a fixed salary, are in conflict with those clauses of the constitution requiring all laws of a general nature to have a uniform operation (Const., art. I, sec. 11), and forbidding the passage of special laws affecting the fees or salary of any officer (Const., art. IV, sec. 25, subd. 29); and hence that his right, under the act of 1893, to receive ten dollars per day for services performed remains unaffected.

Plaintiff's contention possibly admits of more than one reply; we shall, however, content ourselves with stating the view which seems the more direct answer to his line of argument: 1. A statute is uniform in its operation if it applies alike to all persons or objects within the class to which it relates (*Hellman v. Shoulters*, 114 Cal. 136, 147); the general provisions of said sections 233 and 234, by which the act of 1897 was made operative on the compensation of incumbents who previously had been paid "fees or *per diem*," affected equally all incumbents in that category, and such operation is therefore uniform. 2. The mode and measure of paying county officers is, in general, peculiarly a matter of discretion in the legislature; that body certainly may provide that some officers shall receive "fees or *per diem*," and that others shall receive regular stipends (*San Luis Obispo County v. Darke*, 76 Cal. 92); necessarily, then, there must be some regulations which apply to the one class and not to the other.   The statute here complained of conforms in a reasonable manner to the diverse circumstances of the two classes of officials; thus, it may have seemed to the legislature that all those who, by the provisions of the act of 1893, had been allowed a prescribed and certain rate of compensation, annexed unqualifiedly, as an incident of the title, to their respective offices, ought to receive the same unaffected by changes in the law until the end of their terms; and that others whose emoluments—as in the case of plaintiff—had no such fixity, but were contingent on the public demand for their services, and their own ability to supply the demand, could with less inconvenience be subjected to the rule of the new law.   It follows that

the legislation under view does not proceed on a mere arbitrary distinction, but on one founded in intrinsic differences which naturally suggest the propriety of different adjustments of the law; it is therefore not special within the prohibition of the fourth article of the constitution. (*Rode v. Siebe,* 119 Cal. 518; *People v. Central Pac. R. R. Co.,* 105 Cal. 584; *Darcy v. San Jose,* 104 Cal. 642. See, also, *McCabe v. Jefferds,* 122 Cal. 302; *Cody v. Murphy,* 89 Cal. 522.) Regarding the case of *Miller v. Kister,* 68 Cal. 142, on which the plaintiff mainly relies, it is sufficient to say that we have shown that the reasons which controlled the decision there do not exist in the present case. The judgment should be affirmed.

Chipman, C., and Haynes, C., concur.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., McFarland, J., Temple, J.