[S. F. No. 3715.  In Bank.—July 27, 1904.]

E. H. TUCKER, Respondent, v. H. E. BARNUM, Auditor, etc., Appellant.

COUNTY GOVERNMENT ACT—CLASSIFICATION OF TOWNSHIPS—COMPENSA-
TION OF OFFICERS.—Subdivision 13 of section 164 of the County
Government Act is not objectionable merely because it classifies
townships in the same county by population for the purpose of
regulating the compensation of township officers.

ID.—COMPENSATION OF JUSTICES OF THE PEACE FROM FEES—DIFFERENT
LIMITATIONS—DISPROPORTION TO DUTIES.—Subdivision 13 of section
164 of the County Government Act is unconstitutional and invalid,
in so far as, within the classification made, it prescribes different
limitations as to the amount to be earned and received for the same
services from fees of justices of the peace in different townships of
the same county. Such different limitations fail to regulate the
compensation of the justices of the peace "in proportion to duties,"
as required by section 5 of article XI of the constitution. [Van
Dyke, J., Beatty, C. J., and Shaw, J., dissenting.]

APPEAL from a judgment of the Superior Court of Fresno
County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

Johnston & Jones, Frank Kauke, and S. C. St. John, for
Appellant.

The legislature has power to place limitations on the amount
of fees which a justice of the peace may retain.   (*Green* v.
*County of Fresno,* 95 Cal. 329; *Fleckenstein* v. *Placer County,*
(Cal.) 37 Pac. 931; *Dwyer* v. *Parker,* 115 Cal. 544; *Kiernan* v.
*Swan,* 131 Cal. 410; *Summerland* v. *Bicknell,* 111 Cal. 567.)
The creation of townships within a county is but a part of the
county government.   (*Longan* v. *Solano County,* 65 Cal. 124.)
There is nothing inequitable or discriminative in the classifi-
cation made by subdivision 13 of section 162 of the County
Government Act.   What the compensation should be in pro-
portion to duties is a matter of fact to be ascertained and
determined by the legislature and not by the court.   (*Longan*
v. *Solano County,* 65 Cal. 122; *Green* v. *County of Fresno,*
95 Cal. 332; *People* v. *Johnson,* 95 Cal. 471; *Vail* v. *San Diego
County,* 126 Cal. 37.)   The law is applicable to townships in

all counties in the same class, and is general in its nature. (*Cody* v. *Murphey*, 89 Cal. 524; *Summerland* v. *Bicknell*, 111 Cal. 567; *Vail* v. *San Diego County*, 126 Cal. 35.)

M. K. Harris, James A. Burns, W. D. Tupper, and George Cosgrave, for Respondent.

The subdivision of the section of the County Government Act. in controversy shows an unjust discrimination in the classification made which is not "in proportion to duties" and renders it invalid.. (Const., sec. 5, art. XI; *Dwyer* v. *Parker*, 115 Cal. 544; *San Luis Obispo Co.* v. *Graves*, 84 Cal. 71; *San Francisco* v. *Broderick*, 125 Cal. 188; *Turner* v. *Siskiyou County*, 109 Cal. 332; *State* v. *Gilman*, 33 W. Va. 146.)

HENSHAW, J.—*Mandamus.* Plaintiff is a justice of the peace of the fifth judicial township of Fresno County, and seeks a writ of mandate commanding the defendant, as auditor of said county, to allow his claim for the sum of one hundred and twenty dollars, being his alleged compensation for trying forty criminal cases during the month of March, 1903, at the rate of three dollars for each case. The writ was granted and defendant appeals.

The court found that there are thirteen judicial townships in the county, and that the fifth township has a population not to exceed 3,500, and that the county belongs to the seventh class; that the plaintiff during the month of March, 1903, disposed of forty criminal actions which had been commenced in his court; that he was entitled to fees in the sum of one hundred and twenty dollars for said services; that defendant allowed the claim for ninety dollars and refused to allow any greater sum.

Appellant contends that plaintiff's claim is not a proper legal charge for any greater sum than ninety dollars, as provided by subdivision 13 of section 164 (Stats. 1901, p. 712), amending the County Government Act of 1897, subdivision 13 of section 166 (Stats. 1897, p. 515), by which latter act justices of the peace were given "the fees allowed by law."

A general fee bill (Stats. 1895, p. 267) fixed the compensation of justices of the peace throughout the state: "For all services in a criminal action or proceeding, whether on examination or trial, three dollars," but limiting the total fees

to seventy-five dollars in any one month in misdemeanor cases. (Stats. 1895, p. 272.) This act was considered in *Dwyer* v. *Parker,* 115 Cal. 544, the effect of the decision being to leave in force the fee bill established by the act, but removing therefrom the limitation attempted to be fixed upon the amount of fees the justice might retain; and this act thereafter fixed the compensation of justices of the peace up to the time the County Government Act of 1901 went into effect, amending the act of 1897, which later act, as already stated, provided that in counties of the ninth class (to which Fresno County then belonged) justices should receive "the fees allowed by law," which was the compensation fixed by the act of 1895. The act of 1901 provides in the fee bill of counties of the seventh class, to which Fresno County then belonged, as follows: "Justices of the peace, the fees provided by law; *provided,* that in townships of 6,000 population or more, any or all charges in criminal cases shall not exceed one hundred and forty dollars per month for any justice or other officer exercising the judicial functions of justice of the peace. They shall receive the fees allowed by law in civil cases. In townships having a population of less than 6,000, they shall receive fees allowed by law not to exceed ninety dollars per month for criminal cases. They shall receive the fees allowed by law in civil cases." The act of 1897, as amended in 1901, classifies the counties of the state by population for the purpose of regulating the compensation of the officers, and to this no objection is made. (Stats. 1901, pp. 685-687 et seq.) But it is argued by plaintiff that section 164 of the act of 1901 (p. 712, subd. 13) goes further than is warranted by the constitution and "subdivides the class for the purpose of fixing the fees of township officers of Fresno County and places a limitation on the earnings of some of the justices not placed upon others. The legislature has attempted to regulate the compensation of the township officers not simply according to their duties, as ascertained by a classification of counties by population, but in accordance with the population of the several townships within the county," the effect of which is to allow a justice of the peace in one of the classified townships one hundred and *forty* dollars for performing certain services in criminal cases, and to another justice of the peace in another township ninety dollars for performing pre-

cisely similar .services. It will be observed, too, that the act gives the justices all the fees in civil cases regardless of population. The claim that the act of 1901 is void in its entirety is not insisted upon, the question being otherwise settled in *Beach* v. *Von Detten,* 139 Cal. 462. It is, however, contended by plaintiff that the provisions of the act in question violate section 11 of article I of the constitution; that "all laws of a general nature shall have a uniform operation"; also section 25 of article IV, that "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . Twenty-ninth—Affecting the fees or salary of any officer. . . . Thirty-third—In all other cases where a general law can be made applicable"; also, section 5 of article XI, that "The legislature, by general and uniform laws, shall provide for the election or appointment in the several counties of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers in proportion to duties, and for this purpose may classify the counties by population. . . . "

We think respondent's objection to subdivision 13 of section 164 of the act under consideration is well founded. It is recognized—indeed, it has been said that the conviction is irresistible—that the constitution has prescribed a single mode which must be adopted in fixing the compensation of officers of counties, and that mode is to adjust the compensation in accordance with their respective duties under a classification of counties by population, made for this purpose. (*Dwyer* v. *Parker,* 115 Cal. 544.) Since, within the view of the framers of the constitution, this was the proper mode for fixing the compensation of county officers, if there be no constitutional inhibition to the contrary, no reason can be perceived why a like method of classification of townships should be other than proper. And, notwithstanding the *dictum* in *Sanchez* v. *Fordyce,* 141 Cal. 427, we can discover no such inhibition in the constitution. By the constitution the legislature is required to fix the compensation of county officers in a particular mode, but the method of fixing the compensation of township officers is left optional with it—the exercise of its choice of modes, however, being limited by the general constitutional

provisions above quoted. The constitution declares that the legislature shall regulate the compensation of township as well as of county officers in proportion to their duties, and for this purpose may (must) classify the counties by population. That the legislature may adopt the same scheme made applicable to counties and classify townships by population for the same purpose would seem to be not only permissible, but a course even suggested by this language. So long as the legislature sees fit to compensate township officers for services performed under the system of fees, no occasion for such classification of townships by population need arise, but when the legislature undertakes to salary such township officers it is difficult to perceive how this can fairly be done within the requirements of the constitution, if it were not permissible so to classify townships.

The objection, therefore, to the section under consideration comes, not from the fact that it so classifies townships, but from the fact that within this classification there is a violation of the constitutional provision that the legislature shall regulate the compensation of all officers "in proportion to duties." If two justices of the peace in townships of different population shall each dispose of fifty criminal cases in one month, they have rendered identical service, and that one, because he is a justice in a township of a smaller population than another, shall receive less compensation for identical services than shall the other justice residing in a township of larger population, is a manifest violation of the constitutional provisions to which we have adverted.

The law under consideration falls, therefore, not because it classifies townships by population for the purpose of regulating the compensation of township officers, but because, within the classification so made, it does not regulate the compensation "in proportion to duties."

For this reason the judgment appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.

Van Dyke, J., and Beatty, C. J., dissented.

ANGELLOTTI, J., concurring.—I concur in the judgment and in the opinion of Mr. Justice Henshaw. A difference in the population of the townships of a county or class of counties

may justify a difference in the *salaries* to be paid to township officers of the respective townships, and the determination of the legislature as to what *salaries* constitute a compensation in proportion to duties, based upon differences in population, is probably binding upon the courts.

But where a system of fees is prescribed by the legislature for the compensation of township officers, as in this case, where three dollars is fixed as the compensation of justices of the peace of Fresno County, "for all services in a criminal action or proceeding, whether on examination or trial," I can see no warrant, under our constitutional provision requiring the compensation to be regulated *in proportion to duties,* for prescribing different limitations as to the aggregate amount to be collected for such services in any one month, at such rate so fixed by law, by the justices of the various townships of such county, simply because of a difference in the population of such townships.

SHAW, J., dissenting.—I dissent. I concur in that part of the opinion of Mr. Justice Henshaw which holds that the legislature has the power to classify by population the townships within any given class of counties, in order to regulate the compensation of the officers of such townships.

But I cannot agree to the proposition that the law in question violates the constitutional requirement that the compensation shall be regulated in proportion to duties.

The power of the courts to declare an act of the legislature unconstitutional requires the utmost delicacy in its exercise, and is never to be exerted except when the conflict between the statute and the constitution is palpable and incapable of reconciliation, and where there is a reasonable doubt whether the act is repugnant to the constitution the court should not pronounce it unconstitutional. (*Stockton etc. Co.* v. *Stockton,* 41 Cal. 159; *Borland* v. *Hildreth,* 26 Cal. 161; *People* v. *Sassovich,* 29 Cal. 480; *Brooks* v. *Hyde,* 37 Cal. 375; *University* v. *Bernard,* 57 Cal. 613; *People* v. *Hayne,* 83 Cal. 111.[1]) "In passing upon the constitutionality of the statute, we are not required to imagine some possible contingency in which its provisions may conflict with the constitution, but we should determine whether in its general scope it is within the province

[1] 17 Am. St. Rep. 211.

of the law-making power." (*Woodward* v. *Fruitvale,* 99 Cal. 562.)

It will be conceded that the legislature, in fixing the compensation of officers, is not required to provide a specific compensation for every specific service. It may provide specific compensation for certain services, and require other services for which no specific compensation is provided, it being then presumed that the legislature intended that the whole of the service should be performed in consideration of the compensation provided for the particular service for which a fee is given. It is also competent for the legislature, after a salary or fee is once fixed and the officer has entered upon his term, to provide additional duties which he must perform without any additional compensation. In none of these cases can it be held that the compensation is not in proportion to duties.

It is apparently conceded that a law for the compensation of township officers would be valid if, for all the townships in a class of counties, it provided that each justice should receive three dollars for each criminal case, not exceeding a fixed sum in any one month, and that for the excess of services in any month he should receive nothing. It was so held in *Green* v. *Fresno,* 95 Cal. 332. The invalidity of this particular statute is said to lie in the fact that the maximum is larger in the larger townships than in the smaller class. This, it is said, makes it possible that two justices, in townships of different classes, may, in some one or more months of the term, each dispose of fifty criminal cases, for which duty one would receive thirty dollars less than the other, and therefore the compensation of either, as compared with the other, would not be in the same proportion to the duty required, and the law would not be uniform in operation.

It is perfectly obvious that it is impossible for the legislature to devise a scheme of compensation which, if judged by the possibilities of any one month, or by exceptional cases, would be either in proportion to duty or of uniform operation. A few illustrations will .demonstrate this proposition. If the law provided that justices in each of the townships should receive the fees provided by law, not exceeding one hundred dollars in any one month, or that each should receive a certain fixed sum as a salary, or that each should receive whatever amounts he should earn, at three dollars for each criminal

case, or a fixed sum for each hour occupied in official duty, in either case it would be subject to the same contingencies. One justice might have a preliminary examination, or a case of criminal libel, which would occupy a month, while during the same month another would have fifty petty misdemeanors to which the defendants would plead guilty. The first would obtain three dollars for his month's work and the other one hundred and fifty dollars, if there were no limit, or, if there was a limit of one hundred and forty dollars, one would receive the full maximum, while the other would get but the paltry three dollars. One would be occupied continuously for a month, while the fifty pleas of guilty would require but a few hours. So, if the compensation were so much per hour, the capacity of men to dispatch business being unequal, one man might dispose of an important case in two weeks, while another would require a month for the same work. The public service would be the same, but the more capable man would receive only one half as much as his inefficient colleague. In the case of a salary the service would vary, while the salary would remain the same. The conclusion is inevitable that some other standard must be applied, and greater liberty allowed to the legislature.

If a month is taken as a convenient division of time by which to apportion the compensation allowed, the scale need not be so nicely adjusted that in each month the compensation will be in exact proportion to the duty performed in that month. The amount is not so fixed on any theory that the duty to be performed will not vary either in amount or cost of performance from month to month. On the contrary, the legislature is presumed to take a year, or an entire term, and to consider the total service likely to be required for such year or term, and to give such compensation for the year or term as it believes sufficient. The division into monthly payments is merely for convenience, and has no just relation to the value of the services performed for any particular month. So, also, in the case of fees, they are not fixed on the theory that each fee represents the reasonable value or cost of the named service in any single instance, or even the average cost or value, but because it is believed that for an entire term the fees allowed will provide a reasonable compensation for all official services required.

The court has no right to say that the validity of a law for the compensation of officers must depend upon the possibility, or even the certainty, that there will be special instances in which it will operate unequally. The legislature cannot take these special and unusual cases into account so as to legislate especially for them. It can act only with reference to usual and ordinary conditions and general averages. The court, in determining the validity of legislative action on this subject, instead of searching for possible or actual instances of inequality or lack of uniformity, should rather inquire if it may not be true that in the long run and in the average of cases there will be substantial uniformity of operation. The legislature, instead of considering the possible effect of the plan for a possible month, should, and doubtless did, consider the average conditions for an average year or term. Many contingencies may be supposed different from that supposed in the prevailing opinion. For instance, it may be that in each class of townships there would be in some months less, and in some months more, than the maximum allowed for the class; that the average amount received for the year in the larger class would be twelve hundred dollars, and in the smaller class nine hundred dollars, and that in the months when the number of cases exceeded the maximum, the total excess in the larger townships would be one hundred and twenty cases, and in the smaller ninety cases. Neither would receive any specific compensation for these extra duties, but the amount of such service required would bear the same proportion to the compensation received in the one case as in the other, and the compensation, therefore, would be in proportion to duties, and the law would be of uniform operation. It cannot be said that this is an impossible condition, and, as the court cannot declare a law unconstitutional unless the repugnancy is clearly apparent, I think it is clear that in this case the act of the legislature should be declared valid.

In 1883 the legislature, in pursuance of section 5 of article XI of the constitution, endeavored to fix the compensation of officers in proportion to duties. At nearly every session since that time there has been either an entire new law on the subject enacted, or a revision or amendment of many of its sections. It has been the general understanding of both the legislators and of the courts that such legislation as that here

involved was valid, and up to this time it has not been ques-
tioned. It is true that this long-continued acquiescence does
not remove any substantial objection, but it should at least
require careful consideration before deciding such provisions
invalid, and where, as in this case, it can only be declared
invalid by supposing unusual and exceptional cases, it is
the plain duty of the court to give the legislature the benefit
of the doubt and presume the conditions are such as would
justify the legislation in question. The effect of this decision
will be to declare a large part of the present County Govern-
ment Act invalid, as far as it affects township officers.

If the principle of the prevailing opinion is carried out to
its logical conclusion, it will apply with equal force to the laws
regulating the compensation of county officers in the dif-
ferent classes of counties. For it must be admitted that the
power to classify counties for that purpose, though given by
a specific declaration to that effect, is of no greater force,
with respect to the different classes of counties, than is the
power to classify townships, with respect to the different
classes of townships. Both are equally subject to other con-
stitutional restrictions and must be exercised accordingly.
Laws passed to regulate the compensation of county officers
in two or more classes of counties must fix the compensation
as nearly in proportion to duties and be as uniform in opera-
tion as laws providing for the compensation of township offi-
cers in two or more classes of townships. Therefore, if a
township law of this nature is to be declared invalid when-
ever it can be demonstrated or reasonably supposed that an
officer of one class may not, or does not, receive as much com-
pensation for some particular month, or for some particular
duty, as the same officer of another class for a like amount of
service, then, by the same principle, it must be held that a
law fixing the compensation of the county officers of two or
more classes of counties is unconstitutional if it does not
give to an officer of one of the classes the same compensation
for a particular time, or specified duty, as it gives to the same
officer of another class of counties for substantially the same
service. An examination of the provisions for the compensa-
tion of the county officers in the several classes of counties
will disclose many inequalities of this character, and upon
the principle here established the provisions of the County

Government Law as to compensation of many of the officers would be declared unconstitutional.

For these reasons I am of the opinion that the law is constitutional.

Rehearing denied.