[Civ. No. 397.    Second Appellate District.—June 4, 1907.]

JOHNSON W. SUMMERFIELD, Petitioner, v. HERBERT G. DOW, Auditor of Los Angeles County, Respondent.

JUSTICES OF THE PEACE—SALARIES IN LOS ANGELES TOWNSHIP.— Under the act of March 18, 1907, establishing a new system of county and township governments, by amendments of the Political Code, the four justices of the peace provided for in Los Angeles township, in section 4114 thereof, are, by the provisions of subdivision 15 of section 4231 thereof, each entitled to receive a salary of $3,000 per annum, payable in like manner and out of the same fund and at like times as county officers.

ID.—CONSTITUTIONAL LAW—COMPENSATION IN PROPORTION TO DUTIES.— Such provision does not violate section 5 of article XI of the state constitution, requiring the compensation of officers to be regulated in proportion to duties. The adjustment of compensation by salaries in large cities, and fees in smaller cities, towns, and nonurban communities, proceeds upon intrinsic differences.

PETITION for writ of mandate to the auditor of Los Angeles County.

The facts are stated in the opinion of the court.

C. L. Shinn, for Petitioner.

Anderson & Anderson, for Respondent.

TAGGART, J.—Petition for writ of mandate. Petitioner is a justice of the peace for Los Angeles township, Los Angeles county. Respondent is the auditor of Los Angeles county.

On May 11, 1907, petitioner demanded of respondent that he draw a warrant upon the treasurer of Los Angeles county for $250, payable to petitioner as his salary for the month of April, 1907, under the provisions of subdivision 15 of section 4231 of the Political Code as amended March 18, 1907. (Stats. 1907, p. 424.) Respondent refused to issue said warrant, and, as cause why the mandate of this court should not issue commanding him to do so, says the statute providing for such salary is unconstitutional.

The provision of the constitution said to have been violated by the legislature in enacting the section mentioned is the requirement of section 5 of article XI that "It [the legislature] shall regulate the compensation of all such officers [county, township and municipal officers] in proportion to duties," etc. Section 4014 of the Political Code, as amended in 1907, provides for two justices of the peace in each township of the state; provided that in townships containing cities in which city justices or recorders are elected and in townships having a population of less than five thousand there shall be but one, and provided further that in townships containing a population of more than one hundred thousand and less than three hundred thousand there shall be four justices of the peace.

Subdivision 15 of section 4231, which relates to the compensation of justices of the peace in counties of the second class (Los Angeles), provides that justices of the peace shall receive as compensation "such fees as are now or may be hereafter allowed by law; provided that no justice of

the peace shall receive more than $1,500 per annum, which may be paid in monthly installments of not exceeding $125 per month for all services rendered by him in criminal cases . . . or proceedings to which the People of the State of California are parties. . . . And provided further, that in townships having a population of more than one hundred thousand and less than three hundred thousand each justice of the peace shall receive a salary of three thousand dollars per year, payable in like manner and out of the same fund, and at like times as county officers are paid, and such salary shall be in lieu of all fees due or to become due such justice for performance of any official act. And all fees . . . shall be and become the property of the county in which such justice exercises his jurisdiction.'' Another proviso requires the board of supervisors of the county to provide an office and necessary furniture therefor and appoint a clerk for each of said four justices' courts; and a salary of one hundred dollars per month is provided to be paid to each of said clerks.

Los Angeles township is the only one in Los Angeles county to which the provisions as to clerks, salary, offices, etc., can apply, and it is contended, first, that the compensation provided is not in proportion to the duties that the respective justices of that township may be required to perform; and, second, that when compared with the compensation fixed for justices of the peace in other townships of Los Angeles county, the salary allowed is not in proportion to the duties of the office.

While it is possible, we might even say probable, judging from human nature in the average, that some of the justices of the township in question will perform more of the duties of the office than others, we do not think this is a failure of uniformity of operation which can be reached in this manner. This presents one of those evils of our governmental system which must find relief at the ballot-box. A statute which provides four officers to attend to all the business of a specified kind within a certain district at equal salaries impliedly imposes a duty upon these officers to equitably apportion the business among them, whether there be any express statutory regulations in this regard or not. Any inconvenience to the public from the overzeal of one or more of the incumbents of the office of justice of the peace to do too

much (or too little) will have to be borne until the opportunity arises to change the personnel of the offices. That a more excellent system was provided for San Francisco by the Code of Civil Procedure (sec. 85 et seq.) does not imply that the latter is the only constitutional plan. The validity of a law is not to be tested by its application to extreme cases, or by assuming that public officers will grossly and arbitrarily violate their duties. If every law were declared unconstitutional which by the application of such tests could be shown capable of working injustice, we would have very few laws left. (*Rode* v. *Siebe*, 119 Cal. 520, [51 Pac. 869].)

The greater stress, however, is laid upon the objection that there is not a due apportionment of duties and compensation between the justices outside of Los Angeles city and those inside.

The path of judicial interpretation through the field of county and township legislation discloses many byways. Conflicting views are not wanting in the various declarations of the law on the subject by the courts. But we are not called upon to distinguish these cases, nor to attempt to reconcile them in reaching a conclusion on this point.

The two cases relied upon by respondent to sustain his position that the law is unconstitutional (*Tucker* v. *Barnum*, 144 Cal. 266, [77 Pac. 919]; *Millard* v. *Kern County*, 147 Cal. 682, [82 Pac. 329]) hold that a classification of townships by population for the purpose of fixing the compensation of the officers thereof, according to the method prescribed by the constitution for classifying counties, is valid and proper.

In *Tulare County* v. *May*, 118 Cal. 308, [50 Pac. 427], it is held that different methods of fixing compensation of county officers may be provided in different counties. In *Vail* v. *San Diego Co.*, 126 Cal. 35, [58 Pac. 392], the same doctrine is declared and rule applied where a county officer in one class of counties was compensated by salary and the same officer in all the other classes of counties in the state received fees and a *per diem* for services rendered. This rule is recognized and applied to township officers in two different classes of counties in the later case of *Johnson* v. *Gunn*, 148 Cal. 745, [84 Pac. 665].

In *Tucker* v. *Barnum, supra*, the unequal limitations upon the fees that might be collected for the same services was de-

clared to violate the rule that compensation must be in proportion to duties, and also to violate the rule as to local and special laws affecting the fees and salaries of officers.

The act before the court in *Millard* v. *Kern County, supra,* was declared invalid on the authority of the former case, and was subject to the same objection when considered independent of the provision relating to the justices of the peace to whom were given a fixed salary for all services in civil and criminal cases. The section classifying townships and fixing the compensation of the justices of the peace was considered as an indivisible act, and on the theory that one part could not be permitted to stand without the other, the decision in that case may be sustained. This view of the opinion in that case is supported by the fact that no attempt is made to point out the differences between the two cases, and the decision in the Millard case is rested solely upon the rule of *stare decisis.* This is also further strengthened by the special concurring opinion of Justice Angellotti in the later case. These cases are easily distinguishable from the case at bar. Subdivision 15 of section 4231 does not in express words classify the townships of Los Angeles county. It fixes a uniform rule of compensation by fees for all the justices of the peace in the county, with a limitation of $1,500 per annum in criminal cases, and, by a proviso, establishes salaries for the four justices of the peace provided for one of the classes of townships created by the general law. (Pol. Code, sec. 4014.) Both the other classes created by section 4014 receive the fees allowed by law, with the same limitations in criminal cases. The legislature in its discretion has fixed a different mode of compensation in the two classes created by the legislation for the purpose of fixing compensation, and there is nothing before this court from which it can ascertain whether the compensation of one class will be less or more than the other.

Conceding full force and effect to all that has been said since *Longan* v. *Solano Co.,* 65 Cal. 122, [3 Pac. 463], in regard to compensation being fixed in proportion to duties rather than according to population, and the same rules of interpretation of statutes are applicable. The mode and measure of compensation of public officers are both peculiarly matters of legislative discretion, and an act of the legislature

in relation thereto ought to be clearly shown to be unconstitutional before being so declared by the courts. The validity of statutes should not be determined upon mere possible contingencies. So long as the classification seems based upon conditions which suggest the propriety of the different adjustments made between the classes, and the adjustments proceed upon intrinsic differences, and are not based upon mere arbitrary distinctions, it should be upheld. (*Vail* v. *San Diego Co.*, 126 Cal. 35, [58 Pac. 392].)

While the population of a township may not alone be sufficient to determine the duties required of an officer, density of population has always been regarded as one of the prime considerations in ascertaining the amount of compensation to be paid a public officer for discharging the duties of his office, and also in determining the system to be adopted in measuring such compensation. Salary is the method most generally adopted to compensate officers of large cities, and fees those of smaller cities and towns and nonurban communities. The adjustment between the classes in the act under consideration appears to proceed not only upon intrinsic differences existing between the townships of the respective classes, but is based upon well-recognized distinctions, which go directly to the duties required of such officers, and to the methods of compensation ordinarily and generally used. To sustain respondent's position here would be to hold any act unconstitutional which provided fees as the measure of compensation in one class of townships and salaries in another. We find no authority to sustain such a position.

We are of the opinion that the legislature did not violate its legislative discretion in enacting the portion of subdivision 15 of section 4231 of the Political Code as amended in 1907 which fixes the salary of the justices of the peace of Los Angeles township at $3,000 per annum for the personal discharge of their official duties. In arriving at this conclusion, however, we have not considered those provisions relating to salaries of clerks, office rent, supplies, etc., as affecting the compensation of the justices of the peace. These are matters which naturally suggest questions which have not been presented on this application. For instance, the question of whether or not it is competent to create special township officers for one class of townships in one county (that

is, clerk of the justice's court), under a classification of such townships by population for the purpose of fixing compensation. Neither have we considered the proviso as to rent, furniture, supplies, etc., because we deem it unnecessary to the decision of the question raised on this application. The legislature has made express provision for a salary of $3,000 for the justices of the peace in Los Angeles township, and petitioner is entitled to receive the salary of $250 per month as demanded. The writ of mandate of this court is directed to issue commanding respondent to draw his warrant upon the county treasurer of Los Angeles county for the amount as prayed for.

Shaw, J., and Allen, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1907.